33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
MONTANA REFINING CO., Defendant-Appellee.
 No. 93-16583.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1994.
Decided Aug. 17, 1994.
 
 Before: WALLACE, Chief Judge, CHOY, Circuit Judge, and McGOVERN,* District Judge.
 MEMORANDUM
 The government appeals from the district court's summary judgment against it in its action to recover response costs from Montana Refining Co. (Montana Refining) pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), 42 U.S.C. Sec. 9601, et seq., under the theory that Montana Refining arranged for treatment or disposal of hazardous substances. The district court had jurisdiction under 42 U.S.C. Sec. 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment. Briggs v. Sullivan, 954 F.2d 534, 537 (9th Cir.1992). We vacate and remand.
 The district court held that Montana Refining did not arrange for the treatment or disposal of the phenolic caustic. The court properly analyzed the issue by asking whether the phenolic caustic should be classified as discarded waste according to the approach of section 1004 of the Solid Waste Disposal Act (SWDA). 42 U.S.C. Sec. 6903. However, the court did not look to the regulations of SWDA in the detail that we recently approved in Catellus Development Corp. v. United States, No. 93-16530, slip op. 9079, 9087 (9th Cir. Aug. 10, 1994), to determine when recycling constitutes an arrangement for disposal or treatment of discarded waste.
 In Catellus, we explained that we would follow the rule that "materials are not solid wastes when they can be shown to be recycled by being: (i) used or reused as ingredients in an industrial process to make a product, provided the materials are not being reclaimed." 40 C.F.R. Sec. 261.2(e) (1993). The main issue here is whether the phenolic caustic, which is being used as an ingredient in an industrial process to make a product, is being reclaimed. "A material is reclaimed if it is processed to recover a usable product or if it is regenerated." 40 C.F.R. Sec. 261.1(c)(4) (1993).
 As the parties have not had the opportunity to argue the impact of Catellus on this case and the district court was unaware of its teachings, we conclude that the best course is to allow consideration of the issue anew in the district court.
 The parties will bear their own costs.
 VACATED AND REMANDED.
 
 
 
 *
 Honorable Walter T. McGovern, United States District Judge, Western District of Washington, sitting by designation